ON APPLICATION FOR REHEARING
TORBERT, Chief Justice.
We write to clarify our opinion. This Court understands that paragraph 6 of the léase in question contains three saving clauses: a dry hole clause, a cessation of production clause, and a drilling operations clause. When speaking of the “drilling operations clause,” we refer to that portion of paragraph 6 emphasized in our original opinion.
In this case, as in Rogers v. Osborn, 152 Tex. 540, 261 S.W.2d 311 (1953), the lessees sought to extend the life of the lease with production from a second well under the “drilling operations clause,” since the “cessation of production” clause is not applicable because the lessee did not commence the drilling of the second well “within 60 days” of the cessation of production on December 20, 1979. The principle involved in Stanolind Oil & Gas Co. v. Newman Bros. Drilling Co., 157 Tex. 489, 305 S.W.2d 169 (1957), is not applicable to the present case, because in Stanolind Oil & Gas Co. the lessees were allowed to extend the life of the lease with a second well under the “dry hole clause.” Under the “drilling operations clause,” a second well which was begun after the expiration of the primary term will not extend the lease.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.